April 11, 1977.

M. P. No. 75-195. NEW ENGLAND TELEPHONE AND TELEGRAPH COMPANY *v.* PUBLIC UTILITIES COMMISSION *et al.* After our order[1] in this case was filed on January 18, 1977, granting the company's motion for a stay of the commission's December 10, 1976 order insofar as that order prohibited the company from collecting revenues of $8,984,000 in addition to the revenues allowed in the December 10, 1976 report and order, see *New England Tel. & Tel. Co.* v. *Public Utilities Commission et al.* (filed January 18, 1977), the commission filed a motion for a stay of the January 18, 1977 order and a petition to reargue the company's December 17, 1976 motion for a stay.

The company based its December 17, 1976 motion on the ground that in making its December 10, 1976 report and order the commission continued "* * * to defy the directions of this Court as set forth in its May 20, 1976 opinion and other decisions on the Company's general tariff filings in the last several years."

After considering the company's motion and the conflicting and adversary arguments of counsel representing all the parties, a majority of this court granted the company's motion,

---

[1]Bevilacqua, C. J. and Kelleher, J. dissented from this order.

pending final disposition of the case, and subject to certain conditions specified in the order, because we were persuaded that justice and equity required such action. General Laws 1956 (1969 Reenactment) §39-5-4, as enacted by P.L. 1969, ch. 240, §8.

In the instant motion for a stay and petition to reargue the Attorney General, Julius C. Michaelson, has set forth certain reasons on which he bases his contention that justice and equity require a reargument and a reversal of the order entered by the majority of this court. Because of the strenuous arguments made by the Attorney General and in view of the great public interest involved in this case we granted the motion for reargument and assigned the matter for oral arguments on January 31, 1977.

After hearing arguments of counsel on both sides and after considering all of the reasons advanced by the Attorney General in support of the motion for a stay of our January 18, 1977 order, we find no reason for granting the instant motion for a stay. In our judgment the commission has presented no matter which was not fully considered and passed upon in reaching our conclusion set forth in the January 18, 1977 order. There is no merit to the argument that we failed to state our reasons for granting the stay in that order. Without passing on the question whether we are required to state our reasons for granting or denying motions for stays in cases such as this, it is obvious that we were persuaded, at least until further hearing, by the company's claims that the commission had failed to comply with our directions in the May 20, 1976 decision of this court and that if the commission had complied with the directions of this court in that decision the company would have been awarded additional revenues of $8,984,000.

For the reasons stated the majority of the court is of the opinion that the commission has failed to persuade us that our conclusion should be changed.

916

During the reargument on January 31, 1977, the Administrator of the Division of Public Utilities suggested that equitable principles would dictate that any rate relief granted the company by this court should be fashioned in light of the serious financial problems of the elderly and those on fixed incomes. To that end, the Administrator urged that those segments of our citizenry be exempt from any interim rate relief allowed the company.

Thereafter, by letter dated February 9, 1977, the Attorney General requested an opportunity to brief the question of this court's authority to grant such relief. By letter dated February 11, 1977, we granted the Attorney General's request and directed him to file a brief, limited to that question. We also granted the company permission to file a reply brief.

We have carefully considered all of the arguments set forth in the briefs filed by the parties. The Attorney General has failed to persuade this court that it has the authority to grant the relief requested and, therefore, the court unanimously concludes that such request must be denied. *See Rhode Island Consumers' Council v. Smith*, 111 R.I. 271, 302 A.2d 757 (1973). *Tillinghast, Collins & Graham, Peter J. McGinn, Louise Durfee*, for plaintiff. *Julius C. Michaelson*, Attorney General, *Gregory L. Benik*, Special Asst. Attorney General, for defendants.